Filed 5/28/26  P. v. Wilson CA2/2

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>BRANDON WILSON,<br><br>    Defendant and Appellant. | B342114<br><br>(Los Angeles County Super. Ct. No. 24CMCF00880) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Carol J. Najera, Judge.  Affirmed.

Lise M. Breakey, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Charles C. Ragland, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Noah P. Hill and Thomas C. Hsieh, Deputy Attorneys General, for Plaintiff and Respondent.

_____

Defendant and appellant Brandon Wilson (Wilson) moved under Penal Code section 1538.5[1] to suppress evidence discovered by police during a warrantless search of his vehicle. The trial court denied the motion. Wilson then pled no contest to misdemeanor possession of a gun in a vehicle. (§ 25850, subd. (a).)

On appeal, Wilson argues that the trial court erred in denying his motion to suppress. We affirm.

## BACKGROUND

### I. Facts

On May 8, 2024, at approximately 6:45 p.m., Los Angeles Police Department Officer Brandon Feria was on patrol with his partner. They drove by a location familiar to Officer Feria through his assignment with the Southeast Gang Enforcement Detail. Officer Feria had responded to and conducted investigations at the location numerous times. The Be-Bopp Watts Bloods were known to loiter and trespass within the parking lot.

Officer Feria saw an SUV backed into a handicap parking stall without a handicap placard on display. The front driver's side door was open, and Wilson was standing between the open door and the body of the SUV. Officer Feria made a U-turn into the parking lot to investigate the missing handicap placard. He also believed that Wilson might be loitering.

As he made the turn, Officer Feria saw Wilson look in the direction of the officers. Wilson "appeared to become visibly nervous and startled by [the] police presence." Officer Feria saw

---

[1]     All further statutory references are to the Penal Code unless otherwise indicated.

Wilson make an underhand tossing motion toward the passenger compartment of the SUV. Based on his training and experience, including his knowledge of the area, Officer Feria believed that Wilson "was tossing contraband, such as narcotics or a firearm, into the vehicle."

Wilson closed the door to the SUV and began to walk away. Officer Feria "believe[d] that [Wilson] was attempting to disassociate himself from the vehicle." The officers gave Wilson verbal commands to stop. Wilson did not comply, so Officer Feria requested an additional unit and a supervisor to assist with the investigation.

Wilson was detained about 5 to 10 feet away from the SUV. Wilson gave the officers his identification and told them that he was at work. The officers patted down Wilson to search for weapons. Officer Feria conducted a "wingspan search" of the SUV, including the area where he had seen Wilson make a tossing motion. Officer Feria put his hand on top of a pair of pants, felt what he recognized to be a firearm underneath, and recovered the firearm.

## II. Motion to Suppress

Wilson moved under section 1538.5 to suppress evidence recovered and observations made during the warrantless search of the SUV. He argued that he had "a reasonable expectation of privacy in the items seized and/or the area searched . . . ."

At the hearing on the motion, the People argued that the search was justified as a "wingspan search" for weapons accessible to Wilson. The People also argued that the "automobile exception" applied.

The trial court denied the motion to suppress. The court found Officer Feria's testimony that Wilson was parked in a

3

handicap-designated area without a placard to be "quite credible." The court also found credible the testimony that Wilson "seemed startled and nervous." The court noted that the location was "a hangout for the Be-Bopp Bloods" and that Wilson had been observed making "a tossing motion." The court concluded that probable cause existed to search the area where the tossing motion occurred.

## III.  Conviction and Appeal

Wilson pled no contest to misdemeanor possession of a gun in a vehicle. (§ 25850, subd. (a).)  The trial court suspended the imposition of sentence and placed Wilson on one year of summary probation.  Wilson appealed.  (See Cal. Rules of Court, rule 8.304(b)(2)(A) [where the appeal is based on the denial of a motion to suppress, a certificate of probable cause is not required to appeal from a judgment following a no contest plea].)

## DISCUSSION

## I.  Relevant Law

A defendant may move to suppress evidence obtained during a warrantless search on the ground that the search was unreasonable. (§ 1538.5, subd. (a)(1)(A).)  Unreasonable searches and seizures are prohibited under the Fourth Amendment to the United States Constitution. (*People v. Lopez* (2019) 8 Cal.5th 353, 359 (*Lopez*).)  "Warrantless searches 'are *per se* unreasonable under the Fourth Amendment—subject only to a few specifically established and well-delineated exceptions.' [Citations.]" (*Ibid.*)

One such exception is the "automobile exception to the warrant requirement," under which "an officer may search a vehicle if the officer has probable cause to believe that evidence of a crime will be found inside. [Citation.]" (*Lopez, supra*, 8 Cal.5th

4

at p. 372.) "The exception has been justified by 'the ease with which an automobile might be moved out of the jurisdiction before a warrant can be obtained.' [Citation.]" (*Sellers v. Superior Court* (2026) 19 Cal.5th 75, 89 (*Sellers*).) The burden is on the prosecution to establish that the exception applies. (*People v. Hall* (2020) 57 Cal.App.5th 946, 951 (*Hall*).)

" 'Probable cause is a more demanding standard than mere reasonable suspicion.' [Citation.] Probable cause exists when 'the known facts and circumstances are sufficient to warrant a [person] of reasonable prudence in the belief that contraband or evidence of a crime will be found.' [Citation.]" (*Hall, supra*, 57 Cal.App.5th at p. 951.)

## II. Standards of Review

In ruling on a section 1538.5 motion to suppress, the trial court "sits as a finder of fact with the power to judge credibility, resolve conflicts, weigh evidence, and draw inferences[.]" (*People v. Laiwa* (1983) 34 Cal.3d 711, 718.) On appellate review, we "must uphold the [trial] court's express or implied findings if they are supported by substantial evidence. [Citation.]" (*Ibid.*) We exercise our independent judgment to determine whether the search was reasonable under the Fourth Amendment. (*People v. Macabeo* (2016) 1 Cal.5th 1206, 1212.) We may affirm the ruling if it is correct under any theory. (*Hall, supra*, 57 Cal.App.5th at p. 952.)

## III. The Search Did Not Violate the Fourth Amendment

The trial court properly denied the motion to suppress because the search fell within the automobile exception to the warrant requirement.

Officer Feria observed Wilson standing next to an SUV that may have been illegally parked, as it was in a handicap-

5

designated space without a visible handicap placard. As Officer Feria turned his patrol car around to investigate, Wilson appeared nervous and startled. Officer Feria saw Wilson make a tossing motion in the direction of the SUV's passenger compartment, close the door, and begin to walk away. Wilson failed to comply with verbal commands to stop. After Wilson was detained, Officer Feria searched the part of the SUV where he had observed Wilson appear to toss something.

All of this transpired in an area familiar to Officer Feria in his capacity as a police officer assigned to a gang enforcement detail. (See *People v. Moore* (2021) 64 Cal.App.5th 291, 297–298 (*Moore*) [" '[a]n officer is entitled to rely on his [or her] training and experience in drawing inferences from the facts he [or she] observes, but those inferences must also "be grounded in objective facts and be capable of rational explanation" ' "].) The SUV was parked in a lot known to be a place where Be-Bopp Watts Bloods loitered and trespassed. (See *id.* at p. 301 [" '[t]he reputation of an area for criminal activity is an articulable fact upon which a police officer may legitimately rely' "].)

Considering the totality of these circumstances (*People v. Leal* (2023) 93 Cal.App.5th 1143, 1151 (*Leal*)), a reasonable police officer would have had "probable cause to believe that evidence of a crime" would be found inside the passenger compartment of the SUV. (*Lopez, supra*, 8 Cal.5th at p. 372.) No violation of the Fourth Amendment occurred.

Wilson resists this conclusion, arguing that the circumstances were insufficient to give rise to probable cause. He contends that tossing property into one's own vehicle "is common and legal behavior" that is not suspicious in the same way as "throwing an object away," particularly where the object is not

identifiable.  He also asserts that being in a high-crime area, having a nervous demeanor, walking away, and failing to cooperate "are too grounded in racial assumptions to be accorded sufficient weight for probable cause."

Certainly, if viewed in isolation, any one of these circumstances likely would be insufficient to establish probable cause for the search.  (See *Sellers*, *supra*, 19 Cal.5th at p. 90 ["Judgments of nervous or evasive behavior are highly subjective, and often the opposite behavior can just as easily be interpreted as suspicious"]; *Moore*, *supra*, 64 Cal.App.5th at pp. 301–302 [recognizing that nervousness or a high-crime location would not, on its own, establish probable cause].)  But we do not "look[] to singular facts in a vacuum."  (*Moore*, *supra*, at p. 298; see also *People v. Tousant* (2021) 64 Cal.App.5th 804, 815 [rejecting a narrow examination of individual circumstances].)  We look to the totality of the circumstances (*Leal*, *supra*, 93 Cal.App.5th at p. 1151) and, doing so, find the search to have been supported by probable cause.

**DISPOSITION**

The judgment is affirmed.

<u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS</u>.

GOORVITCH, J.

We concur:

CHAVEZ, Acting P. J.

RICHARDSON, J.